UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSWALDO CHAVEZ-CASTANON,<br><br>Petitioner,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT, *et al.*,<br><br>Respondents. | Case No. 26-cv-01235-BAS-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Oswaldo Chavez-Castanon filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ostensibly to enforce his rights as a member of the *Maldonado Bautista* class, and he seeks either immediate release or a bond hearing within seven days. (ECF No. 1.) The Government responded to the Petition, acknowledging that "Petitioner is detained under 8 U.S.C. § 1226(a) and [is] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 4.) Since the Petition and Return were filed, the Ninth Circuit limited application of the class in *Maldonado Bautista* to the Central District of California and stayed its application to all other potential class members. *See Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026). Nonetheless, this Court finds the rationale of

*Maldonado Bautista* is still applicable to Petitioner, and thus, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within 7 days.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   ANALYSIS

Petitioner entered the United States without inspection twenty years ago and was not apprehended upon his arrival. (Pet. ¶ 5b, ECF No. 1.) The Department of Homeland Security ("DHS") arrested him on July 14, 2025, in the interior of the United States. (*Id.* ¶ 6.) Petitioner has been unable to get a bond hearing before an Immigration Judge on the ground that his detention was mandatory pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.*)

The Central District of California certified a class and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). This Court has previously held in multiple cases that it agrees with the Central District in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026). Hence, for all of the reasons stated in these previous opinions, and regardless of whether Petitioner is or is not a member of the *Maldonado Bautista* class, the Court **GRANTS** the Petition.

### III. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Oswaldo Chavez-Castanon within 7 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 7 days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: March 10, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**